## George S. Weidman, Appellant, v. Harry Huyett, Appellee.

## Gen. No. 5483.

VERDICTS—*when not disturbed.* The Appellate Court is only at liberty to interfere with the verdict of a jury in case such verdict appears to be contrary to the manifest weight of the evidence.

Trover. Appeal from the Circuit Court of Lee county; the HON. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

WINGERT & WINGERT, for appellant.

BROOKS & BROOKS and JOHN P. DEVINE, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

George S. Weidman brought this action in trover against Harry Huyett to the September term, 1910, of

the Circuit Court of Lee county. Upon a jury trial in October, 1910, there was a verdict in favor of defendant and, after motions for a new trial and in arrest of judgment had been overruled, judgment was entered in favor of defendant for costs, from which the plaintiff below appeals.

Appellant owned and operated a farm in Lee county. The adjoining farm was owned by one Raffensberger, but was leased to appellee from February, 1907, to December, 1908. Appellant had made an agreement with the owner of the adjoining farm, by which half of the division fence was to be kept in repair by each owner or by his tenant. It appears from the evidence that appellee did not carry out his part of the fence agreement and that some hogs belonging to appellant got through the fence and wandered onto the land occupied by appellee. Appellant claims that he discovered that he was losing hogs from time to time while appellee was the tenant of the adjoining farm and that, in all, he lost about 40 hogs. Appellant at one time bought nine hogs of appellee, but did not identify them as having formerly belonged to him. Appellee sold hogs also to one Hausen at different times, in all selling Hausen 12 to 15 head. Appellant now claims that both the hogs sold to him by appellee and also the hogs sold by appellee to Hausen must have been the property of appellant and he brings this suit to recover the value of such hogs. Appellant proved by himself and by former employes of appellee, that his (appellant's) hogs had many times gone through the division fence and run at large on appellee's land; that appellee had never, at any time, owned enough hogs so as to be able to sell as many as he did sell to appellant and Hausen; that appellee had told some of his former employes that he had taken up some of appellant's hogs and had sold them to appellant. Appellant testified that appellee, when charged with taking appellant's hogs and

selling them to appellant, admitted it and agreed to pay appellant for them, but had never done so.

On the other hand, the evidence favorable to appellee showed that appellant could not, at any time, identify any of the hogs in appellee's possession as having belonged to appellant; and, further, that appellee had stated to others that he did not know that the hogs in question were his. Appellee denied that he had ever admitted taking appellant's hogs and had offered to pay appellant for them. Appellant testified to certain occurrences as having taken place in 1908 while Mitchell, one of appellant's principal witnesses, placed the same occurrences in the year 1907. Appellant while on the witness stand, appeared to be reading certain names and dates from a memorandum book, but it afterwards transpired that the items so read by him were not contained in that book. Appellee admitted taking up nine hogs in October, 1907, which he kept till April, 1908, and then sold to appellant. Appellee claims that he notified appellant, at the time, that he had taken up some hogs and appellant should come and see if they belonged to him, but that appellant never paid any attention to the matter. Appellee also testified that, during the time he occupied said farm, he had never taken up any hogs other than the nine just referred to. He claimed to be the rightful owner of the hogs which he had sold to Hausen, as part of the increase of certain hogs which were on the place when he moved in.

The jury saw both parties to this suit and heard their testimony and that of their witnesses. Their verdict has been approved by the trial judge by his refusal to grant a new trial. The jury and the trial judge may have seen that in the conduct and demeanor of the parties and the witnesses which cannot be found in the record. This court would only be at liberty to interfere with the verdict of the jury, which is upon questions of fact only, in case it appears to be contrary

to the manifest weight of the evidence, and we do not feel able to say that such a condition exists in this case. No errors have been pointed out and argued by appellant in the rulings of the court on evidence or instructions and we must therefore consider that such errors, if any there be, have been waived.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*